**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| MICHAEL A ESPINOZA, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:23-cv-01087 |
| FRONTLINE ASSET STRATEGIES, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes MICHAEL A ESPINOZA ("Plaintiff"), by and through the undersigned, complaining as to the conduct of FRONTLINE ASSET STRATEGIES, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.* and under the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

**PARTIES**

4.   Plaintiff is a consumer over 18 years of age, residing in San Antonio, Texas, which lies within the Western District of Texas.

5.   Defendant is a third-party collection company collecting or attempting to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to others, using the mail and telephone, from consumers across the country, including from those in the state of Michigan. Defendant is a limited liability company organized and existing under the laws of the state of Minnesota with its principal place of business located at 2700 Snelling Avenue North, Suite 250, Roseville, Minnesota 55113.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   The instant action arises out of Defendant's efforts to collect upon a gym membership obligation ("subject consumer debt") purportedly owed by Plaintiff that was used for personal purposes.

8.   Upon information and belief, following Plaintiff's purported default on the subject debt, the subject debt was charged off and eventually placed with Defendant for collection purposes.

9.   A few months ago, Plaintiff began receiving collection calls to his cellular phone, (210) XXX-7460, from Respondent seeking collection of the subject consumer debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -7460. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone number (210) 981-1672 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

12. Upon answering a call from Defendant, Plaintiff requested that Defendant not call him from 9AM-6PM, as Plaintiff works during those hours and cannot be taking phone calls.

13. Nevertheless, Defendant persisted in contacting Plaintiff during the knowingly-inconvenient times and while he was at work.

14. Plaintiff has demanded that Defendant cease calling him on numerous occasions, yet the collection calls have persisted to the present.

15. Plaintiff has received numerous phone calls from Defendant since demanding that Defendant's phone calls cease.

16. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, money, and resources.

17. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

18. Plaintiff has suffered concrete harm because of Defendant's actions including, but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, being subjected to harassing debt collection communications, and violations of his state and federally protected interests to be free from harassing, oppressive, and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

23. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arose out of transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692c

24. The FDCPA, pursuant to 15 U.S.C. § 1692c, places a number of restrictions on the way in which a debt collector can communicate with a consumer. Pursuant to § 1692c(a)(1), a debt collector cannot communicate with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." Pursuant to § 1692c(a)(3), a debt collector cannot communicate with a consumer "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

25. Defendant violated §§1692c(a)(1) & c(a)(3) through its continued placement of phone calls to Plaintiff following Plaintiff's demands that Defendant not call him during his working hours. Defendant continued calling Plaintiff at times and a place known to be inconvenient to Plaintiff and where Plaintiff could not take calls because he was working.

### b. Violations of FDCPA § 1692d *et seq.,* and 12 C.F.R. § 1006.14 *et seq.*

26. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they do not call a consumer more than 7 times over 7 consecutive days, or if they wait 7 days after communicating with a consumer before attempting another communication. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." An example of facts rebutting the presumptive compliance would be a prior indication "that the person did not wish to be contacted again about the particular debt."

28. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

29. Defendant violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b) & 1006.14(h), through its placement of phone calls to Plaintiff's cellular phone following his cease and desist requests. Plaintiff plainly demanded that Defendant cease calling his cellular phone regarding the subject consumer debt. Despite the nature of these prior communications, Defendant nevertheless continued placing phone calls seeking collection of the subject consumer debt. Regulation F blatantly prohibits such conduct, which underscore Defendant's violations of those regulations, as well as the corresponding portions of the FDCPA. The regulations clarify that consumers who have requested calls to stop, yet nevertheless receive further calls, may state claims

for repeated phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. Furthermore, Regulation F clarifies that communicating with a consumer through a medium after that consumer has requested no communications through such medium – as occurred here – constitutes harassing and oppressive conduct in and of itself. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone.

### c. Violations of FDCPA § 1692f

30. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite his requests that such calls cease.

WHEREFORE, Plaintiff, MICHAEL A ESPINOZA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

32.  Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33.  Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

34.  Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

35.  The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violations of TDCA § 392.302

36. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

37. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone after he notified it to stop calling his cellular phone. Claims under the TDCA are treated similarly as claims under the FDCPA, and as discussed above, Defendant's conduct and phone calls present the type of conduct deemed to violate the FDCPA's prohibitions on harassing and oppressive conduct.

WHEREFORE, Plaintiff, MICHAEL A ESPINOZA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.   Enjoining Defendant from contacting Plaintiff; and

g.   Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.


Dated:  August 29, 2023                    Respectfully submitted,

                                           s/ Nathan C. Volheim
                                           Nathan C. Volheim, Esq.
                                           Counsel for Plaintiff
                                           Admitted in the Western District of Texas
                                           Sulaiman Law Group, Ltd.
                                           2500 South Highland Ave., Suite 200
                                           Lombard, Illinois 60148
                                           (630) 568-3056 (phone)
                                           (630) 575-8188 (fax)
                                           nvolheim@sulaimanlaw.com